```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

J.O.,                               :
                                    :
     Plaintiff,                     :
                                    :
V.                                  :    CASE NO. 3:11CV1768(DFM)
                                    :
MICHAEL ASTRUE, COMMISSIONER        :
OF SOCIAL SECURITY,                 :
                                    :
     Defendant.                     :
```

RULING ON MOTION FOR ATTORNEY'S FEES

Following entry of judgment reversing the decision of the Commissioner and remanding this case for further proceedings under sentence four of 42 U.S.C. § 405(g), the plaintiff filed a motion for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  (Doc. #22.)

I.  Legal Standard

"Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'"  Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); see 28 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . . .")  "EAJA fees are determined . . . by the 'time expended' and the attorney's '[hourly] rate.'"  Gisbrecht, 535 U.S. at 796.  A reasonable fee is determined by "the number of hours reasonably expended on the

litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." Perdue v. Kenny A., 559 U.S. 542, 558 (2010).

II. Discussion

Hourly Rate

The defendant first argues that the court should deny the plaintiff's motion because counsel did not specify an hourly rate. The court declines to do so. Under the EAJA, the rate of compensation is $125 per hour which may be adjusted for increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Courts have awarded $182.97 for work performed during 2011 and 2012, the relevant time period in this case. See Rodriguez v. Astrue, No. 3:11cv0459(MRK)(WIG), 2012 WL 3744700, at *1 (D. Conn. Aug. 28, 2012).

Number of Hours

Plaintiff's counsel seeks compensation for 43.65 hours. The defendant contends the hours expended on certain activities is unreasonable.

A fee applicant "bears the burden of . . . documenting the appropriate hours expended . . . ." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "[I]n fee-shifting determinations, courts have discretion in deciding how much attorney time was reasonably

expended." Barrow v. Astrue, No. 3:11CV00828(VLB)(TPS), 2013 WL 2428992, at *2 (D. Conn. June 4, 2013).  "This Court has a duty to review plaintiff's itemized statement to determine the reasonableness of the hours requested and to exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" Lee v. Astrue, No. 3:09CV1575(CSH)(JGM), 2011 WL 781108, at *4 (D. Conn. Feb. 28, 2011)(quoting Hensley, 461 U.S. at 433-34.)

Defendant first challenges time spent on work performed prior to filing the complaint.  Time spent performing work at the administrative level is not compensable under the EAJA. Rodriguez v. Astrue, No. 3:11cv0459(MRK)(WIG), 2012 WL 3744700, at *1 (D. Conn. Aug. 28, 2012)("Under the EAJA, fees must arise from a civil action and not work before the administrative agency.").  Entries for March 30, 2011 (1.00 hour) and September 20, 2011 (2.25 hours) are disallowed; that time was spent corresponding with the SSA and reviewing the Appeals Council's decision.  However, the time spent conferring with the plaintiff after the Appeals Council's decision but before the complaint was filed is compensable.  See Gough v. Apfel, 133 F. Supp.2d 878, 880 (W.D. Va. 2001)(awarding time performed by plaintiff's counsel prior to the initiation of the lawsuit on the grounds that "certain pre-complaint activities are necessary and, to the extent that they are reasonable, shall be compensated.")

Defendant next contends that counsel's hours should be reduced

3

because certain tasks could have been performed by a secretary or administrative assistant.  "[T]ime spent doing clerical tasks is not compensable."  Hosking v. Astrue, No. 3:10cv0064(MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010).  Upon careful review of the time entries, the court finds that certain hours fall into this category:  November 14, 2011 - mailing (1.20 hours) and communication with the clerks' office about filing instructions (.25 hours); November 29, 2011 and December 2, 2011 - receiving mail (.40 hours); May 15, 2012 - file review (.25 hours); and June 13, 2013 - review of calendar (.25 hours).  The total reduction for these tasks is 2.35 hours.

Defendant also argues that time spent drafting and filing three motions for extension of time (5.75 hours) on June 6, 2012, August 14, 2012 and August 31, 2012 is unreasonable.  These filings (doc. ##12, 14, 16) were short and boilerplate.  Four hours is subtracted.

Finally, defendant argues that the requested 2.25 hours for the plaintiff's one page motion for order (doc. #17) is unreasonable and should be reduced.  The court agrees and reduces the time by 1.75 hours.

III. Conclusion

For these reasons, the plaintiff's motion for attorney's fees (doc. #22) is granted in part and denied in part.  Attorney's fees are awarded in the amount of $5909.93, for 32.3 hours of work and

4

costs are awarded in the amount of $47.50 for a total award of $5957.43.

This is not a recommended ruling because the parties consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge. See Rodriguez v. Astrue, No. 3:11cv0459, 2012 WL 3744700, at *1 (D. Conn. Aug. 28, 2012)(same).

SO ORDERED at Hartford, Connecticut this 14th day of March, 2014.

                                              _____/s/_____
                                              Donna F. Martinez
                                              United States Magistrate Judge